938 So.2d 909 (2006)
Billy David BLALACK, Appellant
v.
Jane Sproles BLALACK, Appellee.
No. 2005-CA-00860-COA.
Court of Appeals of Mississippi.
October 3, 2006.
*910 James H. Arnold, Durant, attorney for appellant.
Jerry Askew, attorney for appellee.
Before KING, C.J., SOUTHWICK and IRVING, JJ.
KING, C.J., for the Court.
¶1. On March 14, 2005, Billy David Blalack and Jane Sproles Blalack were granted a second divorce from each other based on the ground of irreconcilable differences by the Oktibbeha County Chancery Court. The chancellor performed an equitable distribution of marital assets and awarded Mrs. Blalack permanent alimony in the amount of $500 per month. Mr. Blalack appeals the award of alimony.

FACTS
¶2. Mr. and Mrs. Blalack remarried in 1987. Shortly thereafter, they moved to Saudi Arabia due to Mr. Blalack's job with Boeing Aircraft. Mr. Blalack earned $120,000 per year while overseas. The couple returned to the U.S. in 1989, and Mr. Blalack was transferred to California. His salary was approximately $80,000 upon returning to the U.S. During that time, Mrs. Blalack resided in Eupora, Mississippi, where her daughter was finishing high school, but went to California to be with her husband during the summer. Mrs. Blalack did move with her husband when he was transferred to Maryland in 1990. The couple returned to Eupora after Mr. Blalack was laid off in 1991. Mr. Blalack then took a job as a machinist, earning seven dollars per hour. During that time, Mrs. Blalack took a factory job, earning eleven dollars per hour.
¶3. Although the Blalacks had no children together, Mrs. Blalack bore three daughters prior to her marriage to Mr. Blalack. Some time prior to the Blalacks' separation, Mrs. Blalack spent much of her time in Starkville helping take care of her granddaughter. By May 2003, Mrs. Blalack was spending approximately three nights per week in Starkville babysitting and taking her granddaughter to extracurricular *911 activities. Mrs. Blalack testified that Mr. Blalack had no problem with the arrangement and that he even provided her with money to purchase gasoline to travel between Eupora and Starkville. However, one evening in August 2004, when Mrs. Blalack returned to her home in Eupora, she discovered that Mr. Blalack had changed all of the locks on the doors. When Mrs. Blalack contacted Mr. Blalack to inquire why she had been locked out of the house, he informed her that he was filing for a divorce. Mr. Blalack originally filed for a divorced based on the grounds of desertion or, in the alternative, irreconcilable differences. The couple eventually consented to an irreconcilable differences divorce, reserving the issues of equitable distribution and alimony to be decided by the chancellor.
¶4. The chancellor awarded Mr. Blalack exclusive use and possession of the marital home, two 2001 Ford Rangers, a 1986 Ford Bronco, and various personal property. Mrs. Blalack was awarded $7,000 which represented one-half of the equity in the marital home, a 1997 Ford Explorer, and various personal property, as well as $500 per month in alimony.

ANALYSIS
¶5. This Court will not reverse an award of alimony based upon findings of fact supported by credible evidence, absent manifest error or abuse of discretion. Mabus v. Mabus, 890 So.2d 806, 822(¶65) (Miss.2003). A chancellor must consider the following factors in determining whether to award alimony:
1. The income and expenses of the parties;
2. The health and earning capacities of the parties;
3. The needs of each party;
4. The obligations and assets of each party;
5. The length of the marriage;
6. The presence or absence of minor children in the home, which may require that one or both of the parties either pay, or personally provide, child care;
7. The age of the parties;
8. The standard of living of the parties, both during the marriage and at the time of the support determination;
9. The tax consequences of the spousal support order;
10. Fault or misconduct;
11. Wasteful dissipation of assets by either party; or
12. Any other factor deemed by the court to be "just and equitable" in connection with the setting of spousal support.
Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993).
¶6. The chancellor addressed the applicable Armstrong factors in her opinion and made the following findings. Mr. and Mrs. Blalack's second marriage lasted for sixteen years. At the time of the proceeding, both parties were sixty-one years of age and disabled. Mr. Blalack receives $4,291 per month in benefits, whereas Mrs. Blalack receives $739 per month in benefits. Mr. Blalack will have exclusive use and possession of the marital home, whereas Mrs. Blalack does not have a home of her own.[1] The parties had incurred some marital debt at the time of their separation. Mr. Blalack refinanced a vehicle to assist Mrs. Blalack after she encountered a legal problem.[2] He also paid for Mrs. Blalack's automobile insurance since the separation and made all mortgage payments. The chancellor considered the standard of living of the parties prior to their separation *912 and noted that Mr. Blalack provided Mrs. Blalack with spending money every month.
¶7. The thrust of Mr. Blalack's argument is that the chancellor did not take into account that it was Mrs. Blalack who moved out of the marital home, and that Mrs. Blalack's arrest caused Mr. Blalack to expend funds on her behalf. However, the chancellor did address the fact that Mr. Blalack refinanced a vehicle in order to financially assist Mrs. Blalack with her legal troubles. Whether Mrs. Blalack actually moved out of the marital home, or whether she was kicked out by Mr. Blalack was contested by the parties. Presumably, Mr. Blalack believes that this issue goes toward the Armstrong factor of fault or misconduct. However, this Court has previously stated that "the chancellor is not required to analyze each Armstrong factor individually in his opinion, but is required to view the overall combination of the factors as a whole, opting to address individual factors at his discretion." Wells v. Wells, 800 So.2d 1239, 1245(¶12) (Miss. Ct.App.2001) (citing Hoggatt v. Hoggatt, 766 So.2d 9,12 (¶9) (Miss.Ct.App.2000)). We find that the chancellor's findings were supported by credible evidence in the record, and that she did not abuse her discretion or commit manifest error in awarding alimony.
¶8. THE JUDGMENT OF THE OKTIBBEHA COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] At the time of the proceeding, Mrs. Blalack lived with her daughter in Starkville. Mrs. Blalack exchanged babysitting services for rent and utility payments.
[2] Mrs. Blalack's arrest was unrelated to the divorce proceeding.